**Joseph P. KEMPSKI, Jr., Plaintiff,**

**v.**

**John ELLINGSWORTH, James Lane, James Whitley, Albert Niebert and Ralph Purnell, Defendants.**

**Civ. A. No. 82–577–JRR.**

United States District Court,
D. Delaware.

April 29, 1986.

Joseph M. Bernstein, Wilmington, Del., for plaintiff.

Regina M. Mullen, Dept. of Justice, Wilmington, Del., for defendants Ellingsworth, Whitley Niebert and Purnell.

Bettina C. Ferguson, Wilmington, Del., for defendant Lane.

ROTH, District Judge.

Plaintiff Joseph P. Kempski, Jr., an inmate at the Sussex Correctional Institute (SCI), filed suit against John C. Ellingsworth, Warden at SCI; James Lane, the SCI Superintendant of Security; and Albert Neibert and Ralph Purnell, both Correctional Officers in the Department of Corrections. Plaintiff charged that he was

deprived of his 14th Amendment right to be secure in his person and his 8th Amendment right not to be subjected to cruel and unusual punishment, as a result of being beaten by Daniel Woods, another inmate, and of subsequently being refused medical attention.

The specific claim against defendants Ellingsworth and Lane was that they intentionally, willfully and recklessly deprived plaintiff of his right to be secure in his person by approving and authorizing the transfer of Woods to SCI, knowing that it was highly probable that Woods would come into direct physical contact with plaintiff, thereby exposing him to the risk of physical injury. Defendants Ellingsworth and Lane moved for summary judgment in their favor. The United States Magistrate recommended that these motions be granted. Plaintiff and defendant Ellingsworth both filed objections to the Magistrate's Report and Recommendations. For the reasons stated below, we grant both motions for summary judgment.

In considering these motions, we must view the facts in the light most favorable to the non-moving party. The motion can be granted only if there is no genuine issue as to any material fact and the moving parties are entitled to judgment as a matter of law. *Walker v. Chrysler Corp.*, 601 F.Supp. 1358 (D.Del.1985), *aff'd*, 780 F.2d 1017 (3rd Cir.1985). Viewed under this standard, the material facts of this case are as follows: Plaintiff Joseph Kempski entered a guilty plea in the Delaware Superior Court to three counts of Burglary Second Degree. He was sentenced to five years imprisonment. Plaintiff's co-defendant, Daniel Woods, elected to go to trial and was found guilty on March 18, 1982, of five counts of Burglary Second Degree, three counts of theft and one count of Conspiracy Second Degree. Plaintiff was subpoenaed as a witness for the State at the Woods trial. The Deputy Attorney General prosecuting Woods has stated that

his conviction was due, at least in part, to plaintiff's testimony against him.[1]

Plaintiff testified at his deposition that the Deputy Attorney General assured plaintiff, just before the Woods' trial, that under no circumstances would plaintiff and Woods be incarcerated together.[2] Plaintiff stated that he was transferred from the prison at Smyrna to SCI for security reasons because Woods had many friends at Smyrna and plaintiff was afraid to be among the general prison population there. Plaintiff did not at this time, however, tell anyone in the prison system that he specifically feared injury from Daniel Woods.[3] Moreover, prior to April 22, 1980, there was no mention in plaintiff's prison record that he feared Woods, although it was noted that plaintiff and Woods had been co-defendants.[4]

On April 22, 1980, plaintiff was sent from SCI up to Wilmington to attend the viewing of his mother who had recently died. On his arrival in Wilmington, he was placed in the lock-up in the Public Building to await being taken to the funeral parlor. There were approximately five other inmates in the cell in which he was placed. By chance, Daniel Woods that same morning was being transferred from the Pre-Trial Annex to SCI. Defendant Neibert brought Woods to plaintiff's cell, to hold him there for transportation. Plaintiff told Neibert not to put Woods in the same cell, that plaintiff had testified against Woods. Woods also told Neibert not to put plaintiff and him together.

Plaintiff testified that Neibert ignored him, opened the gate to the cell and took off Woods' handcuffs. Before Neibert could remove the chains from Woods' legs, Woods began punching plaintiff in the face. Another guard came over and sprayed mace on the two prisoners to separate them and they were pulled out of the cell to stop the fight. Plaintiff suffered a bloody nose and a swelling of one cheekbone as a result

1. D.I. 41.

2. D.I. 51, p. 18.

3. D.I. 51, pp. 19–20.

4. D.I. 89.

of the beating. He later brought charges against Woods for the assault. Woods was tried and convicted of this offense.[5]

Plaintiff objected to the Magistrate's recommendation that summary judgment be granted to Ellingsworth and Lane on the grounds that these two defendants knew, or should have known, that Woods' presence at SCI would expose plaintiff to probable physical injury. More specifically, the plaintiff objected to the Magistrate basing his recommendation on the fact that Woods' assault on plaintiff was an isolated incident. Plaintiff contends that there is a material issue of fact as to the adequacy of the procedures utilized at SCI to ameliorate the known risk posed to an inmate who had testified against another inmate. Plaintiff also objects to the Magistrate's conclusion that defendants Ellingsworth and Lane had not been shown to be the persons in the Department of Corrections who were responsible for developing a procedure to prevent assaults in this type of situation.

In this regard, plaintiff does not contend that the assault on him was just one of a number of this type of attacks and that defendants, knowing of these, have shown willful disregard of the welfare of inmates by failing to institute a procedure to prevent further such attacks from occurring. Plaintiff complains instead that he had been promised by the prosecuting attorney in his case that the prison authorities would be informed that plaintiff and Woods should be kept apart from each other while they were both in prison. His claim against defendants Ellingsworth and Lane is that, knowing of the danger that Woods presented to plaintiff, these defendants approved the transfer of Woods to SCI.

The weakness of asserting this claim against defendants Ellingsworth and Lane, alleging violation of plaintiff's 14th Amendment right to be secure in his person, is that there is no evidence either that these defendants had been informed by the prosecuting attorney of any promise to plaintiff to keep him separate from Woods or that they had received any information from plaintiff or from anyone else of any threat or danger to plaintiff. Moreover, looking at this case generically, there is no evidence that inadequate procedures to separate an inmate from a co-defendant he had testified against were causing significant risk or harm to inmates in the Delaware correctional system, or more specifically to inmates being transported from one facility to another in the system or being temporarily placed in a holding cell during transportation.

As the Magistrate points out in his Report and Recommendation, the incident giving rise to this lawsuit, viewed in the light most favorable to plaintiff, may point out a weakness in the procedures used to transport inmates between facilities in the Delaware system. There is no showing by plaintiff, however, that significant problems have arisen in the past between prisoners placed in holding cells on a short term basis, while awaiting transportation. Plaintiff has not established that calculated indifference or callous disregard by defendants of inadequacies in the transportation system permitted the attack on plaintiff to occur. This incident, in and of itself, is not a sufficient showing that the procedures were defective. Moreover, plaintiff has also failed to show that, if the system of transporting prisoners in fact required revision, it would be the responsibility of either defendant Ellingsworth or Lane to do this.

Plaintiff also contends that the beating occurred because Woods was transferred to SCI. Since, however, the attack occurred before Woods reached SCI, we do not know, and we do not have to deal with the question in this case, of whether there were appropriate procedures in place at SCI to protect an inmate from a co-defendant, against whom that inmate had testified.

In concluding that plaintiff fails to establish that defendants Ellingsworth and Lane

violated his 14th Amendment rights, we do not, of course, rule out any negligence by prison officials in permitting the conditions to arise which resulted in the beating plaintiff suffered. We are required only to consider if there has been a constitutional deprivation. This we do not find.

Plaintiff alleges in his complaint that the conduct of Ellingsworth and Lane was intentional, willful and reckless. Viewing the case in the light most favorable to plaintiff, however, we do not see any intentional conduct, deliberate indifference or even gross negligence by the defendants which resulted in the injury to plaintiff. The mere use of the term "intentional" by plaintiff does not create an intentional or willful act where the facts fail totally to support such an allegation.

The recent decision of the Supreme Court in *Davidson v. Cannon,* —— U.S. ——, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986) is very much in point. In *Davidson* plaintiff had received an actual threat from another inmate with a known history of violence. The negligence of defendant prison officials caused them to fail to act on notice of the threat until after plaintiff had been attacked and severely beaten. The Supreme Court held that the Due Process Clause of the Fourteenth Amendment was not implicated where negligence on the part of defendant officials caused unintended injury.

> Respondents' lack of due care in this case led to serious injury, but that lack of care simply does not approach the sort of abusive government conduct that the Due Process Clause was designed to prevent.

106 S.Ct. at 670.

In the present case, the most that plaintiff can show is that defendants should have known that Woods would attack him if given the opportunity and that defendants' negligence in failing to keep plaintiff and Woods apart resulted in the two being put together in the same holding cell.

> [T]he protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials.

106 S.Ct. at 671.

Because plaintiff has failed to demonstrate that the conduct of defendants Ellingsworth and Lane of which he complains violated his right to due process under the Fourteenth Amendment, we will grant the motions for summary judgment in favor of these defendants.